```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

WILLIAM G. LHOTA,

                        Plaintiff,

vs.                                   Case No.  2:10-cv-763-FtM-29DNF

CLOTILDE PEREZ et al.,

                        Defendants.
_____
```

**ORDER**

On January 20, 2011, the Court entered an Order (Doc. #6) directing defendant McMahon to file a response to plaintiff's Motion to Remand, and took defendant McMahon's Application to Proceed in District Court Without Prepaying Fees or Costs under advisement.  On February 2, 2011, defendant filed a Response to Complaint (Doc. #7), Response to Motion to Remand (Doc. #8), Motion to Strike Records in State Court (Doc. #9), Motion for a More Definitive Complaint or Clarification From the Plaintiffs (Doc. #10), and Counterclaim (Doc. #11).

"A removing defendant bears the burden of proving proper federal jurisdiction. . . . Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court."  Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294-95 (11th Cir. 2008).  The burden of persuasion for establishing diversity jurisdiction is on the party asserting it, and when challenged on allegations of jurisdictional facts, the

party must support the allegations by competent proof. Hertz Corp. v. Friend, 130 S. Ct. 1181, 1194-95 (2010). In the Response to Motion to Remand, McMahon states as follows:

> Because the action in State Court is continuing in State Court, and because the State Judge is issuing orders and the Clerk is issuing defaults, McMahon must defend himself on 2 fronts for the same case. McMahon has been desperate to defend himself and with State Court action continuing and the reasons above McMahon has no Objection to Remanding this case back to State Court.

(Doc. #8, p. 2.) As defendant declines to provide proof of jurisdiction to maintain the case in federal court and has no objection to the remand, the motion will be granted and the case remanded. The Court will also remand the case for the additional jurisdictional and procedural bases discussed below.

Defendant McMahon removed the Amended Complaint on the basis of diversity jurisdiction, which requires that the parties be citizens of different states and that the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). The Amended Complaint names a number of defendants, and the citizenship of most is unknown from the face of the pleading. The Notice of Removal fails to shed any light on the claim that diversity jurisdiction is present. Defendant McMahon states that his mortgage is held in Ohio, they are listed as a defendant, and "several other defendants also reside out of state." (Doc. #1, p. 2.) Defendant McMahon further states that

plaintiff "BBT"[1] is a Florida corporation with its principal place of business in North Carolina and defendant is a resident of Florida. Plaintiffs William G. Lhota and Karen L. Lhota's citizenship is not provided. The amount in controversy is also unclear. It is not provided in the pleading, and defendant simply states that the "value of the property and the riparian rights exceeds $75,000.00," without proffering any supporting evidence.[2] Therefore, it does not appear that diversity jurisdiction exists in this case and the Notice of Removal does not support such a basis. The motion to remand will be granted for this jurisdictional basis.

The Court notes that the Amended Complaint (Doc. #4, p. 3) reflects the presence of several Florida citizens, including defendant McMahon himself, and Collier County, Florida. Under Title 28, United States Code, Section 1441(b), "[a]ny civil action of which the district courts have original jurisdiction . . . shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is

---

[1] This appears to be Branch Banking and Trust Company and a co-defendant in the Amended Complaint.

[2] In the Amended Complaint, plaintiffs seek a declaratory judgment confirming that the property they own has certain easements (Count I), and judgment locating a statutory way of necessity over and across certain properties (Counts II, III, and IV). Defendant does not assert that a federal question is presented in the Amended Complaint, and the Court finds no federal question or substantial question of federal law at issue. Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 690 (2006).

a citizen of the State in which such action is brought." This case was removed on the basis of diversity jurisdiction. The law clearly provides that a case must be remanded if a defendant is a citizen of the State where the action is brought, in this case, the State of Florida. <u>Moore v. N. Am. Sports, Inc.</u>, 623 F.3d 1325 (11th Cir. 2010); <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996). Therefore, the motion to remand will be granted for this additional basis.

Plaintiffs, in their motion, raise procedural issues. Under Title 28, United States Code, Section 1446(b), "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." The case was originally brought in state court in 2008, and an Amended Complaint was filed in September 2010, to add defendant Daniel McMahon. Although the removal may have occurred within 30 days of defendant's service of the Amended Complaint, there is no evidence that the case became "removable" at the time of the amended pleading. Also, the case was commenced more than 1 year prior to the date of removal in what

is purported to be a diversity case.  Therefore, the removal was untimely and the motion to remand will be granted for this procedural basis.

Accordingly, it is now

**ORDERED**:

1.  Defendant McMahon's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. #2) is **DENIED.**

2.  Defendant McMahon's Motion to Strike Records in State Court (Doc. #9) is **DENIED.**  The undersigned has no authority to strike documents fro the records of the Clerk for Collier County, Florida.

3.  Plaintiffs' Motion to Remand (Doc. #5) is **GRANTED** for the reasons stated above.  The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.  The Clerk is further **directed** to terminate all pending motions, including defendant McMahon's Motion for a More Definitive Complaint or Clarification From the Plaintiffs (Doc. #10), and deadlines and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of February, 2011.

JOHN E. STEELE
United States District Judge

Copies:  Parties of record